# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY ROSHON ROBERTS, SR.,     )<br>    )<br>                      Plaintiff,   )<br>v.    )<br>    )<br>JOSEPH TAYLOR, WARDEN;     )<br>JOSEPH SEBENICK, INVESTIGATOR;     )<br>SYLVIA WATERS, CASE MANAGER;     )<br>JOHN HILLIGOSS, UNIT MANAGER;     )<br>RENEE WATKINS, ADMINISTRATOR;     )<br>and JUSTIN JONES, DIRECTOR, DOC,     )<br>    )<br>                      Defendants.   ) | Case No. CIV-11-368-M |

## **REPORT AND RECOMMENDATION**

Plaintiff Anthony Roberts, Sr., a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging violations of his federal constitutional rights. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).[1]

The following motions are currently pending before the Court: Motion to Dismiss and Brief in Support of Defendants Taylor, Hilligoss, Sebenick and Waters [Doc. #25] and Motion to Dismiss or in the Alternative Motion for Summary Judgment and Brief in Support of Defendants Justin Jones and Renee Watkins [Doc. #27]. Plaintiff has separately filed

---

[1]In the Amended Complaint [Doc. #10] Plaintiff identifies the following additional lawsuits he has filed in this judicial district: (1) *Roberts v. Roof et al.,* Case No. CIV-10-1392-M; (2) *Roberts v. Jones, et al.*, Case No. CIV-11-33-M; (3) *Roberts v. Steer et al.*, Case No. CIV-10-182-M; (4) *Roberts v. Taylor*, Case No. CIV-11-284-M; and (4) *Roberts v. Jones et al.*, Case No. CIV-11-143-M.

Responses in Opposition to each of the pending Motions [*see* Doc. ##30 and 33, respectively]. Also pending before the Court are the following Motions filed by Plaintiff: (1) Plaintiff's Motion for Protective Order and Brief in Support [Doc. #15]; and (2) Plaintiff's Application for Preliminary Injunction and Brief in Support [Doc. #16].

The matter is now at issue. For the reasons set forth below, it is recommended that Defendants' Motions be granted on grounds that Plaintiff's claims are not properly exhausted as required by 42 U.S.C. § 1997e(a). It is further recommended that Plaintiff's Motions be denied.

## I. Background Facts/Plaintiff's Claims

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC). Plaintiff's claims arise out of his incarceration at Cimarron Correctional Facility (CCF) in Cushing, Oklahoma. According to the allegations of the Second Amended Complaint, Plaintiff received a false misconduct charge and was found guilty of the charge in March 2011. Plaintiff alleges the false misconduct charge is the result of Defendants' retaliatory conduct.[2]

---

[2]Plaintiff has not alleged facts demonstrating that the misconduct conviction has been reversed or expunged. Although Plaintiff also cites 28 U.S.C. § 2241 as a jurisdictional basis for his action, any attempt by Plaintiff to challenge the constitutional validity of the misconduct conviction must be raised in a separately filed § 2241 petition. *Compare Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (a challenge to a misconduct conviction involves a challenge to the execution of a sentence and is properly brought in a habeas petition pursuant to § 2241; conversely, where monetary relief is sought on basis of defendants' alleged malicious actions in bringing misconduct charges, claims are properly addressed pursuant to § 1983). *See also Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other
(continued...)

In Count I, Plaintiff alleges he has been retaliated against by Defendants for exercising his constitutional right of access to the courts. He claims he assisted another inmate in preparing a 42 U.S.C. § 1983 complaint; he had a summons served in one of his own civil rights actions; and he submitted a Request to Staff as part of the prison grievance process. He claims in response to his actions, Defendants brought the false misconduct charge against him.

In Count II, Plaintiff alleges a violation of his Eighth Amendment rights. He relies on the same alleged false misconduct charge as evidence of Defendants' cruel and unusual punishment. He further claims he submitted requests to Defendants advising them that he was in fear for his life and Defendants failed to act on his requests.

In Count III, Plaintiff alleges the Defendants have conspired to deprive him of his right of access to the courts. And, in Count IV, Plaintiff alleges his equal protection rights have been violated. Plaintiff claims he is a member of a protected class, "jailhouse lawyers," and has been discriminated against for assisting inmates with legal work. He further claims as a result of the alleged false misconduct, he has been denied the right to earn credits and denied parole.[3]

---

[2](...continued)
sentence-shortening procedures, must petition for a writ of habeas corpus. Prisoners who raise constitutional challenges to other prison decisions – including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*.") (citation omitted), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001).

[3]As noted, Plaintiff has not alleged facts demonstrating the misconduct conviction has been reversed or expunged and, therefore, these latter claims appear to be barred. *See Heck v. Humphrey*,
(continued...)

As relief, Plaintiff seeks "declaratory and prospective relief" and compensatory and punitive damages.

**II.     Analysis**

Defendants Taylor, Hilligoss, Sebenick and Waters (collectively the CCF Defendants) and Defendants Jones and Watkins (collectively the ODOC Defendants) have separately raised the affirmative defense that Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (failure to exhaust administrative remedies is an affirmative defense under the PLRA). The exhaustion requirement is mandatory and "unexhausted claims cannot be brought in court." *Id.* at 211.

Defendants have relied upon materials outside the pleadings in support of their respective motions. The Court has considered these materials to determine whether Plaintiff exhausted his administrative remedies before filing this action. Therefore, Defendants'

---

³(...continued)
512 U.S. 477, 487 (1994) (holding that "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated"); *Edwards v. Balisok*, 520 U.S. 641, 645, 648 (1997) (extending holding of *Heck* to prison disciplinary actions).The Court need not address the *Heck* issue, however, because as discussed *infra*, Plaintiff has failed to exhaust administrative remedies and his claims are subject to dismissal on that basis.

Motions are treated as motions for summary judgment on the issue of exhaustion. *See* Fed. R. Civ. P. 12(d); 56.

### A. Standard of Review – Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. and Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). Although Defendants, as the moving parties, bear the initial burden of production, once they meet this burden, Plaintiff "may not rest on [his] pleadings, but must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotations omitted).

### B. Failure to Exhaust Administrative Remedies

#### 1. The ODOC Offender Grievance Process

The ODOC Offender Grievance Process, OP-090124, governs Plaintiff's exhaustion of administrative remedies.[4] The Grievance Process has three primary phases: (1) an informal phase which requires an inmate to speak to a staff member and, if necessary, submit a written Request to Staff; (2) a formal stage which requires the inmate to submit a written grievance; and (3) an appeal stage which requires the inmate to appeal a grievance denial to

---

[4] Defendants have submitted the ODOC's Grievance Process in support of their respective motions. *See* CCF Defendants' Motion, Exhibit 1; ODOC Defendants' Motion, Exhibit 1.

the Administrative Review Authority or Chief Medical Officer. The appeal stage is the final stage and, once completed, constitutes satisfaction of the Grievance Process. *See* Grievance Process, ¶¶ IV, V and VII.

The record shows that beginning on January 28, 2011, the ODOC placed Plaintiff on grievance restriction for a period of 12 months or through January 28, 2012. *See* CCF Defendants' Motion, Exhibit 2 at 3 (correspondence from Warden Taylor dated January 28, 2011).[5] Placement on grievance restriction requires a prisoner to complete additional steps in submitting a grievance. *See* Grievance Process ¶ IX(B). In addition, Plaintiff was cited with continued abuse of the grievance process and several grievances were returned unanswered in accordance with policy. *See* Grievance Process, ¶ IX(A)(1)-(2).

## 2. **Plaintiff's Efforts to Exhaust Administrative Remedies**

The record before the Court demonstrates Plaintiff has not exhausted administrative remedies as to the claims raised in the Amended Complaint. As more fully set forth below, while Plaintiff began the ODOC's Grievance Process at least as to some of the claims raised in the Amended Complaint, the record shows he did not properly complete the Grievance Process.

---

[5]The grievance restriction period was ultimately extended through March 29, 2012. *See id*. at 4 (correspondence from Debbie Morton dated March 2, 2011); *id*. at 5 (correspondence from Debbie Morton dated March 30, 2011).

### a. **The CCF Defendants**

The CCF Defendants have raised the affirmative defense of exhaustion of administrative remedies and rely on the facility's Grievance Report Log to demonstrate Plaintiff has not exhausted the claims raised in this action. *See* Defendants' Motion, Exhibit 3, 2011 Grievance Report Log. The Grievance Report Log shows that the majority of Plaintiff's grievances were returned unanswered for failing to properly follow the Grievance Process. *See id.* One grievance – about a matter unrelated to the claims raised in this lawsuit – was denied. *Id.*

Tenth Circuit precedent clearly holds that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). *See also Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) ("To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." ).

In his response to the CCF Defendants' Motion, Plaintiff submits as "Exhibit 1" his "Proof of Exhaustion." *See* Plaintiff's Response [Doc. #30], Exhibit 1. But a review of Plaintiff's evidentiary materials establishes that he has failed to properly exhaust administrative remedies and has not shown a genuine dispute of material fact relative to the exhaustion issue. Plaintiff relies on grievance number 11-1825 dated May 3, 2011, after he

initiated this lawsuit.[6]  As an initial matter, this grievance is temporally irrelevant because it was submitted after Plaintiff initiated this lawsuit.  *See Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011) ("Under the PLRA, inmates must 'exhaust prison grievance remedies before initiating a lawsuit' based on federal law.") (*quoting Jones v. Bock*, 549 U.S. at 204); *see also Peoples v. Gilman*, 109 Fed. Appx. 381, 383 (10th Cir. Sept. 23, 2004) (unpublished op.) ("The filing of a grievance after the initiation of the lawsuit defeats the purpose of the [PLRA]: '[n]o action shall be brought . . . until such administrative remedies as are available are exhausted.'" (*quoting* 42 U.S.C. § 1997e(a)).  Moreover Plaintiff includes in his submissions the response to this grievance by prison officials that shows the grievance was returned unanswered due to Plaintiff's failure to comply with the additional grievance restriction requirements imposed upon him.

In addition, Plaintiff relies on grievance number 11-36 dated February 27, 2011.  That grievance addresses Plaintiff's alleged inability to get envelopes needed for legal matters, and as requested relief Plaintiff asked for compensatory and punitive damages.  Plaintiff marked the grievance "Sensitive." [7]  The grievance was returned unanswered on grounds that the

---

[6]Plaintiff initiated this action in federal court by filing his original complaint on April 4, 2011.

[7]ODOC defines a "Sensitive Grievance" as follows:

> A complaint of a sensitive nature is one in which the complaint alleges misconduct by a staff member who either directly supervises the offender or is the reviewing authority where the offender is assigned.  The word "sensitive" will be written at the top of the grievance before submission.

*See* Grievance Process, ¶ VIII(A)(2).

matter was not sensitive in nature, Plaintiff did not comply with the grievance restriction requirements, and the requested remedy – monetary damages – is not a remedy allowed by ODOC policies.[8]

Finally, Plaintiff relies on a misconduct/grievance appeal, number 11-1772, dated May 1, 2011. This grievance is also temporally irrelevant as it was submitted after the filing of the instant action. In addition, the grievance was returned unanswered due to Plaintiff's failure to comply with the grievance restriction requirements. Therefore, this grievance does not demonstrate exhaustion of administrative remedies as to the claims raised in this lawsuit.

Plaintiff further contends that Defendants thwarted his efforts to comply with the grievance process. *See* Plaintiff's Response at 1-2. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation omitted). But to support his allegations, Plaintiff relies on nothing more than conclusory allegations and the mere fact of his placement on grievance restriction. Although Plaintiff contends he was placed on grievance restriction as a "ruse" he does not support his contention with specific factual allegations. And, the record before the Court demonstrates Plaintiff repeatedly misused the Grievance Process and refused to comply with the requirements of his placement on

---

[8]A prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process. *Booth v. Churner*, 532 U.S. 731, 734, 741 n.6 (2001) (stressing that "we will not read futility or other exceptions into [the PLRA's] exhaustion requirements where Congress has provided otherwise.").

grievance restriction. Thus, the record demonstrates that Plaintiff's own conduct, not that of prison officials, resulted in the returns of his grievances. *See Jones v. Bock*, 549 U.S. at 218 ("To properly exhaust administrative remedies [as required by § 1997e(a)] prisoners must complete the administrative review process in accordance with the applicable procedural rules."). Plaintiff has failed to create a genuine issue of material fact demonstrating that conduct of prison officials prevented him from complying with the Grievance Process. The record, therefore, fails to support Plaintiff's contention that administrative remedies were not available to him.

### b.     The ODOC Defendants

The ODOC Defendants separately move for dismissal pursuant to 42 U.S.C. § 1997e(a). The ODOC Defendants rely on evidence that Plaintiff submitted numerous letters alleging retaliation and fear for his life but refused to follow instructions that he submit grievances on these issues through the Grievance Process. The ODOC Defendants further contend that to the extent Plaintiff relies on evidence of his misconduct conviction appeal, that evidence is not material because "[r]etaliation claims are not appropriate in the disciplinary appeal process and must be grieved separately." *See* ODOC Defendants' Motion at 7.

The record shows that prior to filing the instant action Plaintiff submitted – outside the Grievance Process – six letters to prison officials addressing various issues including access to legal materials and issues about retaliation and fear for his life. *See* Special Report, Exhibit 7; *see also* Plaintiff's Response [Doc. #33] Attachment 6. Plaintiff received

responses to these letters and was advised, each time, that the issues raised in the letters needed to be addressed through the ODOC's Grievance Process. *See id. See also Little v. Jones*, 607 F.3d at 1249 ("Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure.") (citations omitted).

In his Response, Plaintiff does not submit evidence to demonstrate that he followed the instructions provided in these letters and utilized the Grievance Process. Nor does Plaintiff provide other evidence demonstrating he properly exhausted his claims through the Grievance Process.[9] Instead, Plaintiff makes reference to an informal request to staff he alleges he initiated on May 14, 2011, after he filed this lawsuit. *See* Plaintiff's Response [Doc. #33] at 3-4; *see also id.*, Attachment 5, Plaintiff's Declaration. As set forth above, § 1997e(a)'s exhaustion requirement mandates that administrative remedies be exhausted *prior* to bringing a federal action. Therefore, Plaintiff has failed to demonstrate exhaustion of administrative remedies with temporally relevant evidence.[10]

---

[9]As discussed in relation to the CCF Defendants' Motion, to the extent Plaintiff did attempt to submit grievances on the issues raised in the lawsuit, Plaintiff did not properly follow the Grievance Process and consequently his grievances were returned unanswered.

[10]Moreover, Plaintiff contends he made the informal request to Defendant Hilligoss but that Defendant Hilligoss denied having received it thereby thwarting his efforts to exhaust. Not only are Plaintiff's allegations conclusory, but he fails to address the fact that the Grievance Process contains a remedy where prison officials have failed to respond to a grievance and sets forth specific steps to be followed in those circumstances. *See* Grievance Process ¶¶ IV(B)(7) and V(C)(4). Plaintiff does not allege facts demonstrating he attempted to follow these provisions of the Grievance Process.

In his Response, Plaintiff also submits evidence of the appeal of his misconduct conviction to show that he has exhausted administrative remedies. *See* Response, Attachments 2, 3 and 4. But, as Defendants properly contend, under ODOC policy appeals of misconduct convictions are separate and distinct from procedures governing the Grievance Process. *See* Grievance Process, ¶ II(B)(1). Plaintiff, therefore, cannot rely on the appeal of the misconduct conviction as satisfaction of § 1997e(a)'s exhaustion requirement. *Compare Carr v. Brill*, 187 Fed. Appx. 902, 905 (10th Cir. July 10, 2006) (unpublished op.).[11]

In sum, viewing the evidence in the light most favorable to Plaintiff as the non-moving party, the record shows that no genuine issue of material facts exists on the issue of

---

[11]In *Carr*, the Tenth Circuit addressed a similar issue involving the grievance procedure of the Colorado Department of Corrections. The Tenth Circuit determined that the prisoner's appeal of his misconduct conviction did not satisfy the exhaustion requirement as to the prisoner's claim that the misconduct was brought against him as a form of retaliation. *Id.* Instead, the Court determined the prisoner was required to file a grievance on the retaliation claim because the grievance was "an available administrative remedy." *Id.* As the Tenth Circuit explained:

> The grievance system is an important part of the administrative process that cannot be overlooked by prisoners. The grievance process entails a documented conversation between the prisoner and prison officials, requiring each to explain their point of view, and fulfills the purpose of the exhaustion requirement – to give prison officials a chance to handle a prisoner's complaints internally and to create an administrative record to help courts resolve the complaints that end in a lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In contrast, when a prisoner appeals a misconduct conviction, the prison officials need only provide a cursory explanation of why the prisoner's appeal fails: this fails to fulfill the purposes of requiring exhaustion of administrative remedies when the grievance process is also available.

*Id.* at 905. *See also, Martin v. Butler*, 10 Fed. Appx. 773, 774 (10th Cir. May 31, 2001) (unpublished op.) (appeal of misconduct conviction did not satisfy exhaustion requirement as to conspiracy claim which would have needed to be brought separately as part of prison grievance process).

exhaustion of administrative remedies. Plaintiff has not properly followed the ODOC's Grievance Process as to the claims raised in this action. In addition, Plaintiff has not demonstrated prison officials thwarted his efforts to comply with the Grievance Process. Accordingly, it is recommended that the action be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) on grounds Plaintiff has failed to exhaust administrative remedies.

Based on this recommendation, the Court declines to address the alternative bases upon which the CCF Defendants and the ODOC Defendants seek dismissal and/or summary judgment.

### III.        Plaintiff's Pending Motions

Plaintiff has pending before the court a Motion for Protective Order [Doc. #15] and a Motion for Preliminary Injunction [Doc. #16]. As set forth, Plaintiff has failed to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a), a prerequisite to maintaining this action. Accordingly, it is recommended that Plaintiff's pending motions be denied.

### RECOMMENDATION

It is recommended that the Motion to Dismiss and Brief in Support of Defendants Taylor, Hilligoss, Sebenick and Waters [Doc. #25] and the Motion to Dismiss or in the Alternative Motion for Summary Judgment and Brief in Support of Defendants Justin Jones and Renee Watkins [Doc. #27], construed as motions for summary judgment, be granted on grounds Plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). It is further recommended that Plaintiff's Motion for Protective Order [Doc. #15] and Motion for Preliminary Injunction [Doc. #16] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file objections to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by March  7th , 2012. *See* Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred in this matter and terminates the referral.

ENTERED this  15th  day of February, 2012.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE